CHARLTON W. BILLINGSLEA, Executor of RICHARD GREEN, and others, *vs.* THOMAS WARD.

*Equity Pleading — Raising the Question of the Competency of a Witness in the Appellate Court — Specific Performance — Part Performance.*

Where a complainant sets up an agreement, which would be invalid by the Statute of Frauds unless in writing, and the defendant by his answer denies the agreement, it is not necessary for him to plead the Statute or insist on it as a bar; but the complainant must establish the agreement by written evidence, or by proof of part performance take the case out of the Statute.

The testimony of a witness was taken before a person not a commissioner under an agreement of counsel which declared that the evidence was taken "subject to all exception on account of the incompetency of the witness." HELD:

That this was sufficient under the Code, Art. 5, sec. 26, to raise the question of competency in the Appellate Court.

W, in July, 1860, entered on a tract of land as tenant of G. In September, G, by parol contract, sold the land to W, to be paid for in lime and limestone taken from it. By the terms of the contract, W had the option to retain or surrender the land. He had, prior to the time of the purchase, furnished limestone and lime to G, from the tract, under a previous agreement, and continued to do so after the purchase. G died in March, 1861, and W filed a bill for specific performance against his executor. HELD:

1st. That the contract not being mutual cannot be enforced in equity.

2d. That the acts of part performance not appearing to be done in pursuance of the contract of purchase were not such as to take the contract out of the Statute of Frauds.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The facts will be found in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BRENT, MAULSBY, MILLER and ROBINSON, J.

*R. J. Brent* and *Jos. L. Brent,* for the appellants.

The alleged contract was not final and mutual. Both parties must be bound. *Geiger vs. Green,* 4 *Gill,* 474 ; *Mundorff vs. Kilbourn,* 4 *Md.,* 463, 4 ; *Stoddert vs. Bowie,* 5 *Md.,* 18–34, 5, 6 ; *Smith vs. Crandall,* 20 *Md.,* 482–500.

It being apparent from the contract, as declared on, that Ward was not bound, it follows that he is not entitled to specific performance, unless he shows actual performance.

It is necessary for Ward to prove performance, because if his contract were in writing, its performance is the only consideration to sustain it ; and if it be verbal, it requires performance to make it certain, and to entitle him to escape the Statute of Frauds. It will be noted that the bill does not set out that the agreement was parol, and hence the defendants had no notice that he intended to rely on a parol agreement, but inferred that it was written, as appears by their answer ; but they nevertheless denied the existence of the agreement, and required strict proof of it, which is equivalent to a plea of the Statute of Frauds. *Small vs. Owings,* 1 *Md. Ch. Dec.,* 363.

Conceding, for the sake of the argument, that Ward did deliver lime and limestone to Green or on his order ; yet, *prima facie,* that only implies a money indebtedness of Green to Ward ; and some proof must be adduced to show that the lime deliveries were in part performance of the very contract set out. If those deliveries be referable to any other contract or agreement than the one set out in the bill, then they cannot be claimed as part performance of the contract. *Fry on Specific Performance, sec.* 387 *and note,* 100 *Law Library.*

The alleged deliveries cannot be regarded as acts done in part performance of the contract of sale. *Ches. and Ohio Canal Co. vs. Young,* 3 *Md.,* 490 ; *Mundorff and Wife vs. Kilbourn,* 4 *Md.,* 462 ; *Whitridge vs. Parkhurst,* 20 *Md.,* 84 ; 2 *Story's Eq., sec.* 762.

Ward's possession is referable to his tenancy, and not to the agreement to purchase. 2 *Story's Eq. Jur., sec.* 763 ; *Fry on Specific Performance, sec.* 286 *and note,* 100 *Law Library.*

*R. R. Boarman* and *A. W. Machen,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

The object of this suit, which was instituted by the appellee, is to obtain a specific performance of a contract alleged to have been made by him with Richard Green, in his life time, for the purchase of a parcel of land situated near Texas, in Baltimore county, containing a valuable lime quarry.

The bill of complaint also prays for a writ of *injunction* to restrain the appellants, the executor and devisees of Richard Green, from prosecuting an action of *ejectment,* which they had instituted against the appellee for the parcel of land in question.

The alleged contract of sale is not evidenced by any writing as required by the Statute of Frauds, and the appellee seeks to take it out of the operation of the Statute, by proving acts done by him under and in part performance of the contract.

The bill alleges that " the contract was made about or during the month of September, 1860; that the price stipulated as agreed to be paid by the appellee was about $8,616, the agreement being that he was to pay Green the same price which Green had paid or agreed to pay for it, and it was further agreed as part of the contract, that the appellee should have the privilege of paying for it in lime and limestone, to be furnished by him at a fair market price, in such quantities and at such times as Green should require them."

It is alleged in the bill that the appellee " under and in part performance of the contract took possession of the land with the consent of Green, and has continued in possession thereof, that he has expended considerable sums of money in working and improving the same. That in further performance of the contract he furnished large quantities of lime and limestone to Green, and to others at the request and upon the credit of Green, and that Green always as long as he lived affirmed said contract of sale, though no deed was ever exe-

cuted by him to the appellee for the land." Richard Green died in May, 1861, eight months after the alleged contract.

The appellants, in their answer, deny all knowledge of the alleged contract of sale and aver that no such contract was made. They also deny that the appellee entered into possession of the property under or in execution of any contract of sale; and aver that his possession was under and by virtue of a different contract or arrangement made with Green, and not as purchaser; and they further allege that the lime and limestone delivered by the appellee to Green, in his life time, was not delivered under or in execution of any contract of purchase or in part payment for the land; but for other accounts and under other contracts and arrangements particularly set out in the answer, but unnecessary to be repeated here. It is sufficient to say that the averments of the bill are distinctly denied by the answer, both as to the alleged contract of sale, and the acts of part performance relied on in the bill of complaint.

"Where a complainant sets up an agreement in his bill, which would be invalid by the Statute of Frauds unless in writing, and the defendant by his answer denies the agreement, it is not necessary for him to plead the Statute or insist on it as a bar; but the complainant at the hearing must establish the agreement by written evidence" or by proof of part performance take the case out of the Statute.

This was decided in the case of the *Ontario Bank vs. Root,* 3 *Paige,* 478. The same rule seems to have been recognized by the late CHANCELLOR in *Small vs. Owings,* 1 *Md. Ch. Dec.,* 363. In our judgment it is a correct rule of chancery pleading, and therefore we hold that the appellants in this case may rely upon the defence of the Statute although they have not made that specific defence in their answer.

The rules which govern Courts of Equity in dealing with cases of this kind are well established and have been repeatedly declared by this Court. In *Chesapeake and Ohio Canal Co. vs. Young,* 3 *Md.,* 490, the rule was stated as follows: "where

the party claims to take the case out of the Statute of Frauds, on the ground of part performance of the contract, he must make out by clear and satisfactory proof the existence of the contract as laid in the bill; the act of part performance must be of the identical contract set up; It is not enough that the act is evidence of some agreement; but it must be unequivocal and satisfactory evidence of the particular agreement charged in the bill."

In 4 *Md.,* 462, the Court said, "we need not multiply authorities to show that in cases for specific performance, the complainant must establish the very contract set up in the bill; and that all acts of part performance, relied upon to take the case without the operation of the Statute of Frauds, must be clear and definite, and refer exclusively to the alleged agreement."

We refer also to *Wingate vs. Dail,* 2 *H. & J.,* 76; *Owings vs. Baldwin,* 8 *Gill,* 337; *Shepherd vs. Bevin,* 9 *Gill,* 32; *Stoddert vs. Bowie,* 5 *Md.,* 18; *Smith vs. Crandall,* 20 *Md.,* 482. Many more cases might be cited to the same effect.

These are the rules by which we must be guided in disposing of the present case. Our simple duty is to examine the evidence and to determine whether the existence of the contract stated in the bill has been established with sufficient certainty; and whether the acts of part performance alleged, and relied on, have been proved clearly and satisfactorily as the rule requires.

Before referring to the testimony in the case, it is proper to dispose of the preliminary question raised by the exception to the evidence of Thomas Ward, the party complainant.

It has been contended by the appellee that no objection to this testimony can be made in this Court, because no exception thereto, or to the competency of the witness, was filed in the Court below, as required by the Code Article 5, section 26.

We think this case does not fall within that provision of the Code; or rather we are of opinion the testimony was excepted to below.

The witness was not examined in the regular way before an authorized commissioner; but his deposition was taken by agreement before C. S. Mullin, Esq., and in the agreement the question of the competency of the witness was expressly reserved, and the testimony was taken, subject to all exception on account of the incompetency of the witness, as well as to the tenor and effect of his evidence. The evidence could only be received under and by virtue of the agreement, and the complainant cannot ignore or repudiate any part of it, or deny to the defendants the benefit of the exception expressly reserved. In our opinion Thomas Ward was not a competent witness, under the 2d section of the Act of 1864, ch. 109, and therefore his evidence must be excluded from our consideration.

The other witnesses who testify in support of the alleged contract of sale are Michael Ward, Owen Ward, Edward Rider, Purnell Griscom, and John Price. Their testimony is to the effect that Richard Green stated in their hearing, that he had sold the limestone quarry and kilns to Thomas Ward. The witness Michael Ward states that Green told him "Thomas had purchased the property, that he was to pay eight thousand six hundred and odd dollars, that Thomas was to have it at what it cost him, and that he was to pay for it in lime and limestone."

If the decision of the case rested upon the testimony of these witnesses alone, we should have little hesitation in agreeing with the judge of the Circuit Court, that the contract of sale had been sufficiently proved so far as parol evidence could be sufficient for that purpose. But the force of this testimony is somewhat weakened by the evidence of Thomas D. Cockey, Peter F. Cockey, William Young, Elias G. Richardson, and Charlton W. Billingslea; from which it would appear that the appellee, after the death of Green, represented the contract as one not final or conclusive; but leaving him the option to retain the property or to surrender it. A contract will not be enforced in Equity unless it is proved to be mutual and binding upon both parties.

But if it were conceded that the evidence of the contract of sale is positive and definite, it seems to us that there has been a failure of satisfactory evidence to prove the acts of part performance of the contract, without which the appellee cannot be entitled to the interposition of a Court of Equity to enforce its execution.

It is clear from the evidence that the appellee did not enter into possession under or in virtue of the contract as purchaser.

The alleged contract was made in September, 1860, the proof is that the appellee was in possession of the property as early as July, 1860. This is proved by the testimony of Powell Griscom, who occupied a neighboring quarry, and also by the evidence of Jacob Green, and by complainants' Exhibit "Richard Green," which shows that he delivered lime from the quarry in July and August, 1860. Now it is evident that the possession of the appellee was not under or in execution of the supposed contract of purchase; but began before such contract is alleged to have been made, under an entirely distinct contract as tenant, and continued without any change or alteration in the mode of holding, so far as is disclosed by the evidence, down to the time of Richard Green's death.

There is no evidence whatever of any improvements or meliorations made by the appellee under the contract of purchase.

On this subject the only testimony tending to show such improvements was that of Thomas Ward, the complainant, which we have said is inadmissible. The evidence of P. Griscom is that no such improvements were made by Thomas Ward. This is the inference from his testimony, he was interrogated with regard to improvements, and speaks of none except such as were made before Ward took possession.

So with regard to the delivery of lime and limestone, as alleged under the contract and in part payment of the price.

The proof is that before the supposed contract Ward delivered lime and limestone to Richard Green, and to other persons, on his order and account, which he continued to do

Billingslea, Ex'r of Green, *et al. vs.* Ward.

in the same manner up to the time of Richard Green's death; but there is no evidence of any change in their mode of dealing, nor is there any proof whatever to show that such delivery of lime and limestone after the month of September, 1860, was in execution of any contract of purchase or had any reference to such contract.

In reference to this part of the case, the rule of law requires distinct and unequivocal evidence of the acts of part performance, and that they were done in execution of the contract of purchase.

On this point, so far from furnishing such evidence, the case of the appellee is wholly unsupported by any distinct or satisfactory proof.

For these reasons a decree will be passed reversing the decree of the Circuit Court of the 13th day of June, 1868, from which this appeal was taken, dissolving the injunction and dismissing the bill of complaint.

It appears from the record that the Executors of Green have sued Ward in Equity for a settlement of his accounts with the estate of Green, which suit is still pending in the Circuit Court for Baltimore County. In that case the rights of the parties growing out of the matters of account may be adjusted and determined. The decree in this case being reversed the subsequent proceedings thereunder fall with it; and no opinion need be expressed upon the accounts of the auditor contained in this record.

*Decree reversed and bill dismissed.*