JOHN H. DOUGHERTY

*v.*

HERALD CATLETT.

*Filed at Springfield June 15, 1889.*

1. STATUTE OF FRAUDS—*as to merely equitable interests in land.* The Statute of Frauds embraces equitable as well as legal interests in land, and the execution of a contract for the sale of land vests in the purchaser an equitable interest in the lands therein described, and makes the vendor a trustee for him.

2. A sold B certain land for a sum paid and other sums thereafter to be paid, the purchaser taking possession. A, at the request of B, conveyed the undivided half of the premises to C, after which A and B entered into a verbal contract, whereby the latter agreed to sell and surrender to the former the other undivided half, and surrender his possession to A, who agreed to pay B $3500. The possession of the undivided half was surrendered to A, who afterward sold and conveyed it to a third person, with B's knowledge, for $4000. B sued A for the $3500, and the latter pleaded the Statute of Frauds: *Held,* that the plea was a bar to the action.

3. SAME—*part performance—to take a case out of the statute—the rule at law and in equity.* A part performance of a verbal contract within the Statute of Frauds has no effect, at law, to take the case out of the operation of the statute. The doctrine of part performance is one of equity, and does not prevail at law.

4. SAME—*what will constitute merely a part performance.* The holder of an equitable title to land derived under a bond or written contract of sale, by a verbal contract sold back his interest to his vendor, and in a suit against the original vendor for the purchase money on the re-sale, and in which the Statute of Frauds was pleaded, the only allegation of performance was that the plaintiff surrendered the possession to his vendor. It was not alleged that the original contract was surrendered or canceled: *Held,* that the pleadings failed to show a complete execution of the verbal contract, but showed merely a part performance available only in equity.

5. RESCISSION OF CONTRACT—*what will amount to a rescission.* Where land has been sold, a subsequent conveyance by the vendor to a third person, even with the knowledge of the original purchaser, does not operate as a rescission of the prior contract of sale. The legal effect of such conveyance, when not made with the vendee's consent, is merely to place it out of the vendor's power to perform his contract; and this

is in no way affected by the vendee's knowledge that such conveyance was being made.

6. The surrender of possession of land by a purchaser to his vendor does not necessarily involve a rescission of the contract of sale, since such surrender may be entirely consistent with an intention on the part of the former to retain the contract and enforce it.

7. PLEADING—EVIDENCE—*rescission to be specially pleaded—allegations and proofs.* Where the plaintiff's right of action at law depends upon the fact of a mutual rescission of a contract for the sale of land, he must allege that fact in his declaration, or facts from which a rescission must be necessarily implied. He can not recover upon a theory not supported by his declaration.

8. A pleading must be construed most strongly against the pleader, and facts not alleged will be presumed not to exist. The plaintiff must recover, if at all, upon the case made by his declaration.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. C. B. SMITH, Judge, presiding.

This was a suit in assumpsit, brought by John H. Dougherty against Herald Catlett, to recover the consideration of a certain oral contract for the sale and surrender by the plaintiff to the defendant of an equitable interest in certain lands. The declaration, which consisted of only one count, was as follows:

"For that whereas, the said plaintiff and the said defendant, on, to-wit, the first day of November, 1878, made and entered into an agreement in writing, in the words and figures following, to-wit:

"Article of agreement, made this . . . . . day of November, in the year of our Lord one thousand eight hundred and seventy-eight, between Herald Catlett, party of the first part, and John H. Dougherty, party of the second part, Witnesseth: That said party of the first part hereby covenants and agrees, that if the party of the second part shall first make the payments and perform the covenants mentioned on his part to be made and performed, the said party of the first part will con-

·vey and assure to the party of the second part, clear of all in-
·cumbrance whatever, by a good and sufficient warranty deed,
the following described parcel of ground, viz: Blocks twenty-
two, twenty-three and twenty-four, and lots one, two and three
in block twenty-one, all situated in the town of Fairmount,
Vermilion county, and State of Illinois. And the said party
·of the second part hereby covenants and agrees to pay to said
party of the first part the sum of four thousand six hundred
and thirteen dollars and thirteen cents in manner following:
Five hundred dollars cash in hand paid, the receipt whereof
is hereby acknowledged, and the balance in payments as fol-
lows: Five hundred dollars July 1, 1879; six hundred thir-
teen dollars and thirteen cents October 1, 1879; five hundred
·dollars July 1, 1880; seven hundred and fifty dollars January
1, 1881; seven hundred and fifty dollars January 1, 1882,
with interest at ten per cent per annum on the whole sum re-
·maining from time to time unpaid, and to pay all taxes and
assessments that may be legally levied or imposed upon said
property, and in case of the failure of said party of the second
part to make either payments or perform any of the covenants
on his part hereby made and entered into, this contract shall,
at the option of the party of the first part, be forfeited and
determined, and the party of the first part, out of the pay-
ments already made, a sufficient sum to liquidate all damages
sustained by the party of the first part on account of the non-
compliance with this contract, and the party of the first part
shall have the right to enter and take possession of the prem-
ises aforesaid, and it is mutually understood that the pay-
ments mentioned in this agreement are for four hundred
dollars due party of the first part, seventeen hundred dollars
and thirteen cents the amount of a judgment held by party of
the first part against party of the second part, and twenty-five
hundred dollars due James M. Dougherty from party of the
second part and assumed by party of the first part; and it is
mutually agreed that if at any time within the limits of this

contract, said party of the second part shall see fit to pay all
the payments mentioned herein, said party of the first part·
shall comply with all his covenants and agreements mentioned
herein.   And it is further mutually agreed that all of the cov--
enants and agreements herein contained shall extend to and
be obligatory upon the heirs, executors, administrators and
assigns of the respective parties.

"In witness whereof the parties to these presents have here--
unto set their hands and seals the day and year first above
written.                     "HERALD CATLETT.    (Seal)
                             "JOHN H. DOUGHERTY. (Seal)"

And the plaintiff avers that, after the making of said agree-
ment, the said plaintiff entered into possession of the premises·
described in said written agreement, and continued in posses-
sion thereof, until to-wit, the first day of October, 1881.   And
the plaintiff further avers that, on to-wit, the said first day of
October, 1881, said plaintiff sold the undivided one-half of
said premises to one McCabe, and said defendant, at the re-
quest of the plaintiff, conveyed said undivided one-half to said
McCabe.

"And plaintiff further avers that afterwards, to-wit, on the·
second day of October, 1881, and while the plaintiff was in
possession of said remaining undivided half of said premises
not sold to said McCabe, said plaintiff and said defendant en-
tered into a verbal agreement whereby said plaintiff agreed to·
sell and surrender to said defendant the said undivided one-
·half of said premises so in the possession of:the plaintiff, and
said defendant, in consideration thereof, agreed to pay to said
plaintiff the sum of thirty-five hundred dollars.

"And plaintiff avers that, after the making of said verbal
.agreement, and in consideration thereof, to-wit, on the day
· ' and year last aforesaid, the plaintiff surrendered to said de--
.fendant the possession of said undivided one-half of said
.premises, and said defendant has ever since said time and

until, to-wit, the first day of January, 1885, remained in possession of said undivided one-half, and on, to-wit, said last day and year aforesaid, at the county aforesaid, sold and conveyed said premises for, to-wit, the sum of four thousand dollars to a third person, with the knowledge of said plaintiff.

"And plaintiff avers that, at the time of making of said first mentioned written agreement, and at the time of the making of said verbal agreement, and until the said sales and conveyances by said defendant to said third person, said defendant was the owner of the legal title to said premises in said written agreement mentioned. By means whereof said defendant became and was liable to pay unto the plaintiff said sum of thirty-five hundred dollars when thereunto afterwards requested. Yet, the said defendant, though often requested, has not yet paid the same or any part thereof to the plaintiff, but so to do has hitherto wholly neglected and refused and still does neglect and refuse, to the damage of the plaintiff of three thousand dollars, and hence he brings his suit."

The defendant pleaded, among other things, the statute of frauds, to which plea the plaintiff demurred, and said demurrer being overruled, the plaintiff elected to abide by his demurrer, whereupon final judgment was entered in favor of the defendant for costs. From this judgment the plaintiff appealed to the Appellate Court and assigned for error the decision of the Circuit Court overruling said demurrer. On said appeal the judgment of the Circuit Court was affirmed, and from said judgment of affirmance the plaintiff has appealed to this court.

Mr. J. B. MANN, for the appellant:

Full performance takes the case out of the statute, at law. Waterman on Specific Perf. sec. 259.

It is true, that under the original contract appellant had an equitable estate in the land; but it was only by virtue of the contract, and when that was rescinded, the rescission was, *ipso facto*, a conveyance or merger of the equitable title in the

legal title held by appellee. Such rescission could be made by parol. *Falls* v. *Carpenter*, 28 Am. Dec. 605; *Deshago* v. *Lewis*, 21 id. 769; *Munroe* v. *Perkins*, 20 id. 475; *Dearborn* v. *Cross*, 7 Cow. 48; *Morrill* v. *Colehour*, 82 Ill. 619; *Brown* v. *Gaffney*, 28 id. 149.

It has always been the rule, that surrenders, to take effect *in futuro*, must be in writing, under the Statute of Frauds, when the lease is for a term which necessitates its being in writing. (Reed on Statute of Frauds, sec. 765.) But a surrender, effective *in præsenti*, may be made by parol, where possession is taken by the landlord. *Baker* v. *Pratt*, 15 Ill. 568; *Dills* v. *Stobie*, 81 id. 202.

Moreover, the facts set up in this declaration show that the appellee has sold and conveyed the legal title to a third person with the knowledge of the appellant, and that such acts raise a liability on the part of the appellee to pay the appellant at least the contract price of $3500, and that the Statute of Frauds does not in anywise apply to such a transaction.

Mr. W. R. Lawrence, for the appellee:

Under the Statute of Frauds there is no distinction between legal and equitable estates in lands. It is merely a statute governing the rules of evidence. It does not render verbal agreements for the sale of an interest in land void, but prescribes that they are voidable at the option of either party seeking, in a court of law, to enforce them. *Hughes* v. *Moore*, 7 Cranch, 176.

Part performance of a contract within the statute has no effect to take the case out of its provisions. This can only be done in equity. *Wheeler* v. *Frankenthal*, 78 Ill. 124.

We refer to the following authorities relied upon and quoted from by the court below in support of its opinion in this case: *Goucher* v. *Martin*, 9 Watts, 106; *Howard* v. *Easton*, 7 Johns. 205; *Dial* v. *Crain*, 10 Texas, 444; 2 Reed on Statute of Frauds, sec. 456; Broom on Statute of Frauds, sec. 229.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

The only questions presented by this appeal are those aris-
ing upon the plea of the Statute of Frauds. It appears from
the declaration that, prior to the date of the contract upon
which the suit is brought, the plaintiff and defendant entered
into an agreement in writing, by which the defendant, in con-
sideration of a certain sum of money then paid to him by the
plaintiff, and of certain other payments thereafter to be made,
agreed to convey to the plaintiff certain lands in Vermilion
county; that the plaintiff thereupon entered into possession
of said lands; that while so in possession he sold an undivided
half of the lands to one McCabe, the defendant conveying said
undivided half to McCabe at the plaintiff's request; that after
such conveyance was made and while the plaintiff was still in
possession of the remaining undivided half, the plaintiff and
defendant entered into a verbal agreement whereby the plaintiff
agreed to sell and surrender to the defendant said undivided
half still in his possession, the defendant agreeing, in consid-
eration thereof, to pay the plaintiff the sum of $3500; that the
plaintiff thereupon surrendered to the defendant the possession
of said undivided half of said premises, and that the defendant
retained the same in his possession, and afterwards sold and
conveyed it to a third person, with the plaintiff's knowledge,
for the sum of $4000. The suit is brought to recover of the
defendant the consideration of said verbal agreement.

The second section of the Statute of Frauds of which the
defendant seeks by his plea to avail himself is as follows:
"No action shall be brought to charge any person upon any
contract for the sale of lands, tenements or hereditaments, or
any interest in or concerning them, for a longer term than
one year, unless such contract or some memorandum or note
thereof shall be in writing and signed by the party to be
charged therewith, or some other person thereunto lawfully
authorized in writing signed by such party."

The execution by the defendant to the plaintiff of the written contract of sale alleged in the declaration vested in the plaintiff an equitable interest in the lands therein described, and there can be no doubt that such interest was an interest in or concerning lands within the meaning of said statute. That the statute of frauds embraces equitable as well as legal interests in land is well settled. Browne on Statute of Frauds, sec. 229. As said by Mr. Justice STORY in *Smith* v. *Burnham,* 3 Sumner, 435, "A contract for the conveyance of lands is a contract respecting an interest in lands. It creates an equitable estate in the vendee in the very lands, and makes the vendor a trustee for him. A contract for the sale of an equitable estate in lands, whether it be under a contract for the conveyance by a third-party, or otherwise, is clearly a sale of an interest in lands, within the Statute of Frauds." See also *Richards* v. *Richards,* 9 Gray, 313; *Hughes* v. *Moore,* 7 Cranch, 176; *Simms* v. *Killian,* 12 Ired. 252; *Dial* v. *Crain,* 10 Texas, 444; *Catlett* v. *Dougherty,* 21 Ill. App. 116; *Jevne* v. *Osgood,* 57 Ill. 340.

The plaintiff contends that the acts performed by him under his oral contract to sell and surrender his interest in said lands to the defendant constitute such a performance as should take the case out of the statute. The only act of performance alleged in the declaration is the delivery of possession of the premises sold to the defendant. There is no allegation of any cancellation or surrender of the defendant's contract to convey the lands to the plaintiff on payment of the purchase money, nor is the cancellation of said contract averred, either directly or inferentially. It will therefore be presumed that said contract is still held by the plaintiff as a valid and subsisting legal obligation against the defendant. The averments of the declaration therefore, as we interpret them show a partial and not a complete performance.

The doctrine of part performance is a doctrine of equity and does not prevail at law. Mr. Browne, in his Treatise on the

Statute of Frauds, sec. 451, says: "It is settled by a long
series of authorities, that a part execution of a verbal contract
within the Statute of Frauds has no effect at law to take the
case out of its provisions," and in support of this statement a
large number of cases are cited in a note. To same effect see
2 Reed on the Statute of Frauds, sec. 548, and authorities
cited in note. The same rule has been frequently announced
by this court. *Warner* v. *Hale,* 65 Ill. 395; *Wheeler* v. *Frank-
enthal,* 78 id. 124; *Creighton* v. *Sanders,* 89 id. 543.

The plaintiff's contention is, that the facts averred in the
declaration amount to a rescission of the defendant's contract
to convey, and that such rescission, coupled with a delivery of
possession, should be held to be tantamount to a complete
performance. The difficulty with this view is that no rescis-
sion is averred, either directly or inferentially. The only aver-
ment is that the plaintiff had surrendered the possession to
the defendant who already had the legal title, and that the
defendant subsequently conveyed the land, with the plaintiff's
knowledge, to a third person. A surrender of possession did
not necessarily involve a rescission of the defendant's contract,
since such surrender of possession may be entirely consistent
with an intention on his part to retain the defendant's con-
tract with a view of subsequently enforcing it against him.
The pleading must be construed most strongly against the
pleader, and as the declaration contains no averment of a re-
scission or of any facts from which a rescission must be nec-
essarily implied, it must be presumed that none was made or
intended. If the plaintiff relied on the theory of a rescission
he should have averred it, and not having done so, he cannot
recover upon a theory not supported by his declaration.

We are unable to see that any special force is to be given,
in this connection, to the averment that the defendant had
conveyed the land to a third person with the plaintiff's knowl-
edge. It might perhaps have been different if such conveyance
had been made with the plaintiff's consent and approbation.

The legal effect of the conveyance, so long as it does not appear to have been made with the plaintiff's consent, is merely to place it out of the defendant's power to perform his contract to convey the land to the plaintiff, but it has no tendency to work a rescission or cancellation of the contract, or to absolve the defendant from his liability thereon, and this is in no way affected by the mere knowledge of the plaintiff that the conveyance was being made. We are of the opinion that the demurrer to the defendant's plea was properly overruled. The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*

Mr. JUSTICE WILKIN took no part.