# CIRCUIT COURT OF BALTIMORE CITY

Filed January 10, 1894.

CANTON COMPANY

VS.

B. & O. R. R. COMPANY.

*Wm. S. Thomas* for plaintiff.

*Cowen & Cross* for defendant.

DENNIS, J.—

I agree with the contention of the learned counsel for the plaintiff that the possession of the land in controversy, viz., the bed of Third avenue, by the defendant must be held to be under and by virtue of the contract of sale; and therefore the defendant will not be allowed to dispute the title, or to object to the payment of the purchase money, because of alleged defects in it.

But this bill is filed to enforce the specific performance of the contract by the defendant, and it is well settled in this State that no matter what the right of the plaintiff may be to recover the purchase money in a Court of law by a suit upon the contract, equity will not entertain a bill for its specific performance unless the obligations under the contract are mutual. 4 Gill 476; 7 Gill 156; 33 Md. 48.

The contract in this case provides that the "Canton Company has agreed to sell and convey unto the Baltimore and Ohio Railroad Company the following described properties (then comes a description of the lot to the north of and adjacent to the bed of Third avenue)"; and the contract then recites: "It is further agreed that in the event of the Canton Company of Baltimore being able to deliver the bed of Third avenue seventy feet wide and the same depth as the lot hereinbefore described that the party of the second part (i. e. the B. & O. R. R.) is to purchase it at the same price, viz., six hundred dollars per front foot, in fee, payable on the same terms as for lot." From this language it is clear that at the time of the contract the plaintiff did not have such a title to the bed of Third avenue as the parties contemplated it should have before the B. & O. R. R. would be compelled to take it, but that something remained to be done by the Canton Company to enable it to convey a proper title. As soon as the title should be perfected, then under the terms of the contract the defendant would be bound to purchase at the price stipulated for in the contract; but there is nothing whatever in the

contract that binds the plaintiff to complete and perfect the title which it was intended should be conveyed. It was wholly optional with it whether it would do so or not; it might refuse to take the necessary steps for the purpose, and the defendant would be unable to compel it to do so; but if it chose to do so, and did perfect the title, then the defendant was absolutely bound to take the property at the price agreed upon. The contract was thus lacking in the mutuality of obligation, and under the authorities above cited, will not sustain a bill for specific performance; and the plaintiff must prosecute whatever rights it may have under the contract by an action at law. The bill will, therefore, be dismissed with costs, but without prejudice to the right of the plaintiff to proceed at law.