# WM. H. A. HAMILTON ET AL., ADMINISTRATORS, ETC., *vs.* CALVIN B. THIRSTON.

*Contract to Devise a Share of the Promisor's Estate in Consideration of Services to be Rendered is within the Statute of Frauds—When Part Performance takes a Case Out of the Statute—Pleading—Compensation for Services Rendered Under a Contract Unenforceable Under the Statute of Frauds.*

A contract to devise land to another must be in writing under the fourth section of the Statute of Frauds; and when the contract is to give by will a share of both real and personal property, for the same consideration, it will be void as to both classes of property, unless in writing as required by the statute.

The doctrine of part performance as taking a case out of the operation of the Statute of Frauds is peculiar to Court of equity, and cannot be relied on in an action at law on a parol contract within the statute and partly performed by the plaintiff.

The Statute of Frauds may be relied on as a defense without being pleaded.

In an action on a contract which is within the statute, it is not necessary to allege in the declaration that the contract is in writing.

When a party has rendered services for another under a contract unenforceable under the Statute of Frauds because not in writing, he is entitled to recover compensation for such services upon a *quantum meruit.*

By a parol agreement made between a man and his nephew, the plaintiff, the former agreed to give his nephew by will a portion of his estate, equal to that of any of his children, if the nephew would render services as requested during the remainder of the promisor's life. Plaintiff rendered various services for about ten years until his uncle's death. The latter died intestate, leaving one child and the issue of a deceased child. In an action at law against the administrators by the plaintiff, he claimed one-third of the estate as damages for the breach of the contract to devise to him a child's portion. *Held,*

1st. That the contract sued on is unenforceable under the Statute of Frauds.

2nd. That the rendition by plaintiff of services to the decedent, under the alleged contract, is not part performance operating to take the contract out of the statute, since part performance has such effect given to it only in chancery.

3rd. That although plaintiff cannot recover in this action, he is entitled to sue on a *quantum meruit* for the value of the services performed by him for his uncle, if done on the faith of a contract.

Appeal from the Circuit Court for Washington County STAKE, J.)

The cause was argued before McSHERRY, C. J., FOWLER, PAGE, PEARCE and SCHMUCKER, JJ.

*W. H. A. Hamilton* (with whom was *H. Kyd Douglas* on the brief), for the appellants.

This is an action at law, brought by the appellee against the administrators of John B. Thirston, deceased, to recover the value of one-third of the estate of said deceased, real and personal. This is the most favorable way of putting it for the plaintiff, for, as will appear by the *narr.*, it is an action at law to enforce the specific performance of a contract made by the deceased in his life-time. Administrators of personalty cannot be made parties to an action affecting real estate, over which they have no control. The verdict against them is not one which can be enforced against the real estate through them. The only way to accomplish what the appellee is seeking to accomplish, to wit, to make a will for John B. Thirston, and to put himself in that will, as a child or devisee, if it can be done at all, is by a bill in equity. We have found no case with such a purpose except in a Court of equity. A law Court and a jury cannot be permitted to declare what will a dead man shall or shall not make, except upon issues, sent to them under the law, from the Orphans' Court. The position taken by the appellee, would put the estate of any man who dies and owns property at the mercy of an adventurer. The sacredness and solemnity of a last will and testament would be shattered for all time. *Owens* v. *McNally*, 113. Cal. 444; *Semmes* v. *Worthington*, 38 Md. 298.

Even if this were a simple action for compensation for services rendered to the deceased, which the deceased promised to settle and satisfy in his will, this action would not lie. If the plaintiff ran the risk of a will for compensation and made no other contract for pay and got nothing, his remedy is gone. When the original claim was filed by the appellee in the Orphans' Court for services rendered and suit was brought upon

it, there was no pretense that there was a promise of the deceased to pay for such services by will.    The filing of that claim and its dismissal show that the present is merely a trumped up claim.    *Bantz* v. *Bantz*, 52 Md. 694; *Lee* v. *Lee*, 6 G. & J. 316.

If there ever was a case which should make the Statute of Frauds shake its head in decided negative, it is this.    If not, what is the statute good for ?    Such an infraction of it would destroy the very purpose for which the statute was passed.    *Semmes* v. *Worthington*, 38 Md. 298; *Purcell* v. *Miner*, 4 Wallace, 517; *Pond* v. *Sheean*, 132 Ill. 312; *Wallace* v. *Long*, 105 Ind. 522; *Roehl* v. *Haumesser*, 114 Ind. 371; *Gould* v. *Mansfield*, 103 Mass. 409; *Keedy, Executor*, v. *Nally*, 63 Md. 313    "Agreements to devise are to be dealt with no less strictly in equity than other contracts within the Statute of Frauds.    Indeed there are considerations which should subject them to a *more rigid* application of the statute."    *Mundorff* v. *Kilbourn*, 4 Md. 463.    When the contract or agreement involves both real and personal property, it is an entirety and is nevertheless within the construction of the statute. *Myers* v. *Schemp*, 67 Ill. 469; *Pond* v. *Sheean*, 132 Ill. 312; *Thayer* v. *Rock*, 13 Wend. 53; *Hall* v. *Loomis*, 63 Mich. 709; *Owens* v. *McNally*, 113 Cal. 444.    It may be contended that the services rendered by the appellee were such a part performance as to to take away the bar of the statute, but the Court will find that such a contention is met and decidedly negatived in the authorities cited above.    It has also been said that such an agreement, as the one set up in this case, is not only subject to the Statute of Frauds, but it cannot be the foundation of an action for damages.    *Austin* v. *Davis*, 128 Ind. 472; *Wallace* v. *Long*, 105 Ind. 522; *Ellis* v. *Carey*, 74 Wis. 59.

*Alex. R. Hagner* (with whom was *M. L. Keedy* on the brief), for the appellee.

The contract, though not in writing, is not within the Statute of Frauds because being dependent upon a contingency

that might happen within a year. *Frost* v. *Tarr*, 53 Ind. 390; *Quackenbush* v. *Ehle*, 5 Barb. 469; *Ellicott* v. *Peterson*, 4 Md.476.

The contract sued on in this case is valid in law and for a failure to compensate as therein agreed upon, an action will lie. *Jack* v. *McKee*, 9 Pa. St. 235; *Thompson, Executor,* v. *Stevens*, 71 Pa. St. 161; *Frost* v. *Tarr*, 53 Ind. 390; *Bell* v. *Hewitt*, 24 Ind. 280; *Lee* v. *Carter*, 32 Ind. 342; *Wallace* v. *Long*, 105 Ind. 522.

Under an agreement by an uncle to compensate a nephew in consideration of services to be performed, by providing for him in his will, and the uncle dying intestate, recovery for the services may be had against the estate. *Norris* v. *Clark*, 3 Bull. 994 (Ohio, Hamilton Dist. Court, 1878); 3 *Williams on Executors* (American Notes by Randolph & Talcott), note, p. 280 and 283; *Lisle* v. *Tribble*, 92 Ky. 304; *Gay* v. *James*, 4 Desaus, 185. An estate will be responsible for services to deceased party if there was a mutual understanding for compensation by testamentary provision and no such provision is made. *Schwab* v. *Pierro*, 43 Minn. 520; *Martin* v. *Wright*, 13 Wendell, 460; *Dickenson* v. *Dickenson*, 50 Mich. 37.

A Court of law is the proper forum—*Jack* v. *McKee*, 9 Pa. St. 235; *Thompson, Executor,* v. *Stevens*, 71 Pa. St. 161; *Frost* v. *Tarr*, 53 Ind. 390; *Bell* v. *Hewitt*, 24 Ind. 280; *Wallace* v. *Long*, 105 Ind. 522. The doctrine is well established that upon a contract pertaining to the sale of real estate a Court of law can be resorted to for damages for its breach as well as a Court of equity for a specific performance. *Popplein* v. *Foley*, 61 Md. 381; *Smoot* v. *Rea*, 19 Md. 398; 3 *Pomeroy's Equity*, 1401. Specific performance of a contract for personal service will not be enforced. For the breach of such an agreement the injured party must be left to his remedy at law. 22 *Am. and Eng. Ency. of Law*, p. 1002; *Willingham* v. *Hoover*, 74 Ga. 233; 58 Am. Dec. 435. A Court of equity will not as a matter of course exercise the power to compel or effect a specific execution of a contract, because the legal obligation under it may be perfect. In every case the question is whether the exercise of the power is called for to subserve the ends of

justice.   May leave parties to other remedy.   *Semmes* v.
*Worthington et. al.*, 38 Md. 399; *Atlantic Coal Co.* v. *Md.
Coal Co.*, 62 Md. 142.

SCHMUCKER, J., delivered the opinion of the Court.

This is an action upon an alleged oral agreement by an
uncle to devise a child's portion of his estate, consisting of real
estate and personal property, to his nephew, if the latter would
render certain services to him during the remainder of his life.

The uncle failed to make a will, but died intestate leaving
surviving him one child and the issue of a deceased child.
His estate consisted of several improved parcels of real estate
and personal property valued at over $38,000, after the pay-
ment of debts and expenses of administration.

The appellee sued the administrators of the estate for dam-
ages, for the breach by the intestate of the alleged oral con-
tract to devise to him a child's portion of the estate, claiming
that he was entitled to one-third of it, because that would be
equal to the share of the surviving child of the intestate.   There
was no count in the declaration on a *quantum meruit* for the
value of the services rendered by the appellee.   The defend-
ants demurred to the declaration and their demurrer having
been overruled they pleaded, first, a denial of the making by
their intestate of the contract sued on and, secondly, *plene
administravit* as to the greater portion of the estate.   The
verdict and judgment below were in favor of the appellee as
plaintiff.

There was evidence tending to prove that John B. Thirston,
the uncle, about ten years prior to his death agreed with his
nephew, the appellee, that if the latter would stand by him
and do for him whatever services he requested for the remain-
der of his life he would at his death give a portion of his
estate, equal to that of any of his children, to the appellee.
There was also evidence tending to prove that the appellee
entered into the agreement and rendered various services to
his uncle during the remainder of the latter's life.

The absolute owner of property can undoubtedly make a

valid contract for a good and sufficient consideration to exe-
cute a will giving a certain portion of his estate to another per-
son.    *Wilks* v. *Burns*, 60 Md. 70.    Such contracts, however,
like those for the sale of real or personal estate *inter vivos*,
are, when orally made, within the operation of the Statute of
Frauds and their validity must be tested by its requirements.
*Semmes* v. *Worthington*, 38 Md. 317; *Mundorff* v. *Kilbourn*, 4
Md. 459; *Whitridge* v. *Parkhurst*, 20 Md. 62.

·  The law does not look with favor upon agreements of this
character and this Court has declared in reference to them, in
*Mundorff* v. *Kilbourn, supra*, that, "the most stringent doc-
trines of the Court should be applied in such cases, especially
where the alleged agreement is not in writing, as a protection
against speculating arrangements sought to be enforced as
contracts after one of the parties is no longer here to explain
the conduct imputed to him and defend himself against charges
of bad faith or fraud."    The Court has also given expression
to similar views in like forcible terms in *Semmes* v. *Worthing-
ton*, 38 Md. 318, 319, and *Wllliams* v. *Shipley*, 67 Md. 382.

The alleged contract in the case now before us is one of the
kind passed upon in the cases to which we have referred, and it
comes clearly within the operation of the Statute of Frauds.    It
is in essence a contract for the sale of real and personal estate.
It matters not that the consideration was to be paid in services
instead of money, for the statute will operate upon and affect
the contract in the same manner whether the property is to be
paid for "in money, services or anything else."    *Wallace* v.
*Long*, 105 Ind. 562.    As to the real estate to be devised the
contract before us is obviously within the fourth section of
the statute, and, as it is an entire contract upon one and
the same consideration, it must under the settled rules of con-
struction be held void under the statute as to both classes of
property covered by it.    *Brown on Statute of Frauds*, sec. 140,
*et seq.; Pond* v. *Sheean*, 132 Ill. 312; *Alexander* v. *Ghiselin*, 5
Gill, 180; *Cooke* v. *Tombs*, 2 Anstr. 420; *Dowling* v. *McKen-
ney*, 124 Mass. 478; *Thayer* v. *Rock*, 13 Wendell, 53.

Being thus within the fourth section of the statute, this con-

tract cannot be made the foundation of an action at law and is not sufficient to sustain the present suit for damages for its breach. *Lamborn* v. *Watson*, 6 H. & J. 255; *Duvall* v. *Peach*, 1 Gill, 181. Even if it were to be treated as severable, the part of the contract relating to personalty would be within the prohibition of the seventeenth section of the statute, as the value of the personalty claimed to be covered by it far exceeds fifty dollars.

Nor is the situation relieved by the part performance of the alleged contract, assuming the proof to establish that fact, for the authorities are clear that the doctrine of part performance is peculiar to chancery and is not regarded at law to take a case out of the statute. *Brown on Statute of Frauds*, sec. 451, *et seq.; Dugan* v. *Gittings*, 3 Gill, 162; *Adams* v. *Townsend*, 1 Met. 483; *Dougherty* v. *Catlett*, 129 Ill. 431. In *Pond* v. *Sheean*, *supra*, and *Austin* v. *Davis*, 128 Ind. 472, the very kind of part performance proven in the present case was held insufficient to take a parol agreement to devise property in consideration of the services out of the statute.

Even if this were a proceeding in equity for the specific performance of the alleged contract set out in the *narr.* it is extremely doubtful whether the evidence as to part performance appearing in the record would measure up to the standard set by the authorities, LORD HARDWICKE said in *Lacon* v. *Mertins*, 3 Atk. 4, that the act relied on as part performance " Must be such an act done as appears to the Court would not have been done unless on account of the agreement; " and this Court has repeatedly said that such acts must be clear and definite and refer exclusively to the alleged agreement. *Mundorff* v. *Kilbourn*, 4 Md. 462 ; *Whitridge* v. *Parkhurst*, 20 Md. 85 ; *Billingslea* v. *Ward*, 33 Md. 52; *Ches. & Ohio Canal Co.* v. *Young*, 3 Md. 480; *Semmes* v. *Worthington*, 38 Md. 318. The services appearing by the record to have been rendered by the appellee although considerable in amount and covering a period of some years were such as might well have been rendered by a nephew to an aged uncle without the existence of any contract in reference to them.

The Statute of Frauds was not set up by plea in this case but the making of the alleged contract was categorically denied by the first plea and that was sufficient either at law or in equity to entitle the defendant to rely upon it as a defense. *Billingslea* v. *Ward*, 33 Md. 48; *Semmes* v. *Worthington*, 38 Md. 317; *Dunphy* v. *Ryan.* 116 U. S. 491; *Freeney* v. *Howard*, 79 Cal. 525.

Although the appellee is not entitled to maintain the present action upon the alleged contract, he can recover upon a *quantum meruit* the value of the services rendered by him to his uncle, for from services of this kind, even when rendered in pursuance of a contract within the statute by one party and accepted by the other, a right to compensation arises. *Ellicott* v. *Peterson's Exrs.*, 4 Md. 491; *Baker* v. *Lauterbach*, 68 Md. 70; *Wallace* v. *Long*, 105 Ind. 526; *Emery* v. *Smith*, 46 N. H. 151.

The appeal brings up for review the action of the Court in overruling the demurrer of the appellants to the declaration, as well as its action on the prayers and the rejection of the evidence set out in the first and second bills of exceptions.

The demurrer was probably overruled because although the case presented by the declaration was one which might have been open to the defense of the Statute of Frauds it did not appear until the pleas were filed that the appellants would deny the existence of the contract and rely upon the statute as a defense.    It was not necessary to allege in the *narr.* that the contract was in writing and therefore under the *narr.* as filed evidence might have been offered of a written contract or of such a memorandum in writing as would take the case out of the statute.

There was no error in the rulings of the Circuit Court upon the offers to introduce the rejected testimony.

The plaintiff offered six prayers and the defendants offered five.    The Court granted the defendants' fourth prayer and all of the plaintiff's prayers except the second, and rejected all the other prayers.    All of the plaintiff's prayers, although differing somewhat in form, in substance instructed the jury

that if they found that the alleged contract had been made and that the plaintiff had performed his part of it he was entitled to recover to the extent of the value of the estate in the hands of the defendants which was admitted to be less than one-third of the whole estate. It is apparent from what we have said as to the legal principles applicable to the issue formed by the pleadings in this case that these prayers should have been rejected. Of the defendants' prayers it is only necessary to notice the first, which instructed the jury that under the pleadings there was no evidence in the case legally sufficient to entitle the plaintiff to recover and their verdict should be for the defendant. If, as we have already held, the Statute of Frauds formed a complete defense to the action instituted as it was upon the contract, it is evident that this prayer should have been granted.

The judgment will be reversed with liberty to the appellee to apply to this Court for the remanding of the case to permit him to so amend his pleadings as to declare in *assumpsit* for the value of any services rendered by him to his uncle at the request of the latter during his lifetime.

> *Judgment reversed with costs, with liberty to the appellee to apply for an order remanding the case.*