1824.

Drury
vs
Conner

JUNE.                    DRURY *et al.* vs. CONNER *et al.*

APPEAL from the court of chancery. The case is fully stated in the decree of the Chancellor, and in the opinion delivered by this court.

KILTY, Chancellor. This suit was fully argued by the counsel on each side. Since which the proceedings have been considered. The bill, which was filed in August 1811, states that *Frederick Mills*, having a life estate in a tract of land called *Oliver's Neck*, on which he resided,

Where a bill in chancery stated that M had a life estate in all the tract of land called *Oliver's Neck*, the remainder in fee being in C, and that C sold to M all his interest in the land: that the purchase money was paid by M, who retained the possession of the land until his death, and that his representatives, the complainants, afterwards retained possession; although the testimony did not establish the complainants' claim to the extent stated in the bill, yet it proved a contract between C and M for one fourth part of the tract; that the purchase money was paid by M, and the possession of the land permitted to be retained by him under the contract—*Held*, that the complainants were entitled to a conveyance of the one fourth part of the tract—that permitting the possession to be retained by M, under the circumstances of the case, was equivalent to an actual delivery, and with the payment of the purchase money, took it out of the statute of frauds.

In equity, as at law, the *allegata* and *probata* must, to a certain extent, agree. But where the question is only the extent of relief, the complainant may be permitted to recover only part of what he claims

The answer of a defendant to a bill in chancery, in a former cause, is not legal evidence in a cause against his representatives relative to the same transactions

The answer of a defendant, professing a want of knowledge of the facts of the bill, cannot be considered as evidence against the facts; its only legal effect is to compel the complainant to establish them by testimony

1824.

Drury
vs
Conner

the remainder in fee being in one *William Conner*, he *Conner* in or about the year 1790, sold the reversion or remainder in fee to the said *Mills* for £150; that the whole purchase money was paid; and that *Mills* held the possession till his death, and that it had been held since his death by his representatives. The bill further states, that part of the purchase money was paid at the time the contract was made, and a bond given for the balance of the purchase money, which bond had been since discharged.

The prayer of the bill is for a conveyance from the defendants, as the heirs of the said *Conner*.

The defendants have filed their answers, denying any knowledge of the sale alleged, and three of them, relying on the statute of frauds; and testimony has been taken under a commission issued for that purpose.

It was contended for the complainants, that the contract for sale was proved by some of the witnesses, and that the statute had no effect, the contract being in part executed by the payment. The defendant's counsel denied the proof of the contract, or any payment under it—objected to the want of dates and certainty, and contested the part execution either by payment or giving possession.

The contract set forth is very uncertain. The sale is said to have been made some time in or about the year 1790. It is not said what part of the purchase money was paid, or what was the balance for which the bond was given, or when that bond was paid. A bond of conveyance is spoken of, and its loss suggested, but as a matter of doubt or conjecture, and it is not shown how *Mills* had a life estate in the whole of the land. The uncertainty is increased by comparing the present bill with the bill filed by *Mills* himself, for an injunction in 1799, which is referred to in the proceedings, and in which the contract is stated to have been made in a different manner.

The evidence under the commission is contradictory, and part of it highly improbable and suspicious; and a decree founded on it would be contrary to the intent of the statute of frauds and perjuries, which was to prevent persons from swearing verbal agreements upon others, though they had never been made. There is not sufficient proof of a payment amounting to a part performance of the agreement, and the possession was merely a continuance of that before held by *Mills*.

It is to be observed, that on the death of *Mills*, after the injunction on his bill filed in 1799 was dissolved, the suit abated, and it was in the power of his heirs to revive that suit founded on *Mills's* own statement of the contract, or to bring a new suit at their election. They chose the latter course, whereby the defendants are deprived of the benefit of the answer of *William Conner*; in that suit; but the bill is evidence to show the variance. The note mentioned in the bill as exhibit No. 1, and as recognising the sale, is not found among the papers. On these grounds I consider, that the court in the exercise of its discretionary power, ought not to make a decree for a conveyance, as prayed. *Decreed*, that the bill of the complainants be dismissed, with costs. They appealed to this court.

The cause was argued at the last June term before BUCHANAN, EARLE, and MARTIN, J.

*Taney* and *Scott*, for the Appellants, contended, that the contract of sale, made between *Mills* and *Conner*, was sufficiently established by the testimony of the witnesses, and that the payment of the purchase money was also proved. That the contract, being an executed contract, was not within the statute of frauds, and that the appellants were entitled to a reversal of the decree, and to a decree for a conveyance of the land. That the statute of frauds was not imperative in every case, and that verbal contracts for the sale of lands might be established, where the purchase money, or a part of it, had been paid. They referred to 1 *Com. on Contr.* 74, 81, 82. *Lacon vs. Mertins*, 3 *Atk.* 4. *Owen vs. Davies*, 1 *Ves.* 82. *Main vs. Melbourn*, 4 *Ves.* 720. *Barlet vs. Pickersgill*, 1 *Eden*, 516. *Downey vs. Hotchkiss*, 2 *Day's Rep.* 225. *Whetmore vs. White*, 2 *Caine's Cas.* 109. *Buckmaster vs. Harrop*, 7 *Ves.* 346. *Rob. on Frauds*, 153. 1 *Fonbl.* 182. *Phillips vs. Thompson*, 1 *Johns. Cha. Rep.* 149. A bill in chancery is only evidence to show there had been a bill. 1 *Phill. Evid.* 263. And this case is to be considered as if the former bill had not been filed, and was not in the record. Inadequacy of price, where there is no evidence of fraud, is not to affect the contract. *Coles vs. Trecothick*, 9 *Ves.* 246. *Mortlock vs. Buller*, 10 *Ves.* 292. *Lowther vs. Lowther*, 13 *Ves.* 103. *Sug.* 171.

*Magruder* and *Brewer*, Jr. for the Appellees, to show that

1824.

Drury
vs
Conner

the contract ought not to be enforced, referred to 2 *Pow. on Cont.* 222. *Jackson vs. Caton*, 3 *Ves.* 382. *Wills vs. Stradling, Ibid* 712. *Cooth vs. Jackson*, 6 *Ves.* 37. 1 *Pow. on Contr.* 307. *Gunter vs. Halsey, Ambler*, 580. *Clinan vs. Cooke*, 1 *Sh. & Lef.* 41. *Jackson vs. Cartwright*, 5 *Munf.* 316. *Phillips vs. Thompson*, 1 *Johns. Chan. Rep.* 149. 1 *Newl. on Cont.* 187. If there be a gross inadequacy of price in the thing contracted to be sold, chancery will not enforce the contract. 1 *Madd. Chan.* 212. *Vaughan vs. Thomas*, 1 *Bro. Cha. Ca.* 556. The contract sworn to in the former bill was different from that alleged in the present one. *Newl. on Contr.* 162, 151, 448, 452.

They went into an examination of the testimony, and contended that there was no proof of any sale.

*Curia adv. vult.*

The opinion of the court was delivered at this term by

MARTIN, J. The court has carefully examined the record in this case, and think the decree of the Chancellor ought to be reversed. Although the testimony does not establish the complainants' claim to the extent stated in the bill, it clearly proves a contract between *William Conner* and *Frederick Mills*, for one fourth part of *Oliver's Neck*; that the purchase money was paid by *Mills*, and the possession of the land permitted to be retained by him, under the contract.

The bill states, that *Mills* had a life estate in all the tract called *Oliver's Neck*, the remainder in fee being in *Conner*, and that *Conner* sold to *Mills* all his interest in the said land; that the purchase money was paid by *Mills*, who retained the possession of the land until his death, and since his death the same has been held by his representatives. The answers filed to this bill deny all knowledge of the sale. The respondents rely upon an answer filed by their father, *William Conner*, to a bill against him in his life-time, and the statute of frauds, and leave the complainants to their proof.

The answer of *William Conner*, the father, is not legal evidence in this cause, and therefore no reliance has been placed on it in forming our decision. The answers of the respondents to this bill, professing a want of knowledge of the transaction, cannot be considered as evidence against the contract; their only *legal* effect is to compel the com-

1824.

Drury
vs
Conner

plainants to produce testimony to establish it.    Three wit-
nesses have been offered for that purpose by the complain-
ants, and two have been produced by the respondents. Some
facts are established by this testimony, beyond contradicti-
on.    They all agree that *Mills* was, in possession of this
tract of land; that he held three-fourths of it for life, as
tenant by the curtesy.    They also prove a contract between
*Conner* and *Mills* for the sale of this land, but they *differ*
as to the *extent* of that contract.    The witnesses for the
complainants set up a contract for the sale of the whole
tract.    The respondents prove a sale of one-fourth part of
it.

The evidence given on the part of the complainants is
uncertain, contradictory and unsatisfactory, and as the
chancellor correctly observes, a part of it highly improba-
ble and suspicious.

But what objection can prevail against the testimony of
Mr. *Weems?*    He is a witness produced and relied on by
the respondents. themselves.    No attempt has been made
to impeach his character; he appears to be conversant with
the whole transaction; he was called on as a *common* friend;
he received his information from both parties, and his at-
tention was particularly directed to this subject.    Mr.
*Weems* declares, that both *Conner* and *Mills* had informed
him there was a sale of one-fourth part of this land by
*Conner* to *Mills*, and that *Mills* had paid *all* the purchase
money for it.    This is a witness produced by the respon-
dents, and appears to us to be conclusive *upon them.* How
then could the chancellor decree that the complainants
were entitled to no relief in equity?    That they were not
entitled to a conveyance of the *whole* tract, we concur
with him in opinion; but we clearly think they were enti-
tled to the conveyance of the one-fourth part of it.    The
*whole* purchase money was paid, and the possession, although
not delivered at that time by the vendor, (which could not
be done, the vendee being *then* in possession,) was permit-
ted to be held and retained by *Mills.*    This, under the cir-
cumstances of the case, was equivalent to an actual deli-
very, and with the payment of the purchase money, took it
out of the statute of frauds.

It is certainly a correct principle both in equity and at
law, that the *allegata* and *probata* must, to a certain ex-
tent, agree.

1825.

Salisbury
vs
Black.

The party shall not be permitted either at law, or in equity, to set up in his declaration or bill, one contract, and obtain relief on another of an entire *different character*. This would be great injustice—It would take the defendant by surprise, and might deprive him of property, which he had no opportunity to defend. But where the question is only the *extent* of relief, innumerable cases may be produced, where the plaintiff may be permitted to recover only part of what he claims. In this case the respondents cannot complain of surprise or want of opportunity to defend, for our decree is founded on the testimony offered by them. If a doubt, however, could have been entertained upon this point, it is put to rest by a decision of this court, in the case of *Graham & wife against Yates & others*, *(ante 229,)* where a bill was filed upon a supposed contract for the sale of a *whole square* of *Hampstead Hill.* The chancellor decreed, that the complainants were not entitled to the *whole* square as stated in their bill, but only to a *part of it*, and decreed a conveyance of *that part*, upon the payment of the purchase money. This decree was affirmed by this court at the present term.

The counsel may prepare a decree of this court, reversing the decree of the chancellor, and decreeing a conveyance of one undivided fourth part of *Oliver's Neck*, by whatever name it may be called, to be made by the appellees to the appellants, to be held by them as tenants in common.

DECREE REVERSED.