## MARCUS ROSENTHAL vs. LAZARUS FREEBURGER.

STATUTE OF FRAUDS: PART PERFORMANCE.—An agreement by A. to "give B. a lease for five years at a rent of $200 a year, payable monthly, exclusive of water rent," is an agreement within the Statute of Frauds, and can only be evidenced in writing, unless there has been something done under it amounting to a *part performance* so as to take it out of the operation of the statute.

A Court of Equity will deem only such acts done in part performance of an agreement within the statute, as clearly appear to be done solely with a view to the performance of the agreement.

Where the agreement is by the purchaser of the fee to execute such lease to the tenant of the former owner, remaining in possession, the mere continuance of the character which he had for a long time held, cannot be considered a *part performance* by the tenant so as to take the case out of the statute.

APPEAL from the Circuit Court for Baltimore city.

The appeal in this case is from an order of the Court below ( ALEXANDER, J.,) granting an injunction upon a bill filed by the appellee, praying for the specific performance of an agreement by the appellant, to execute to the appellee a lease for five years, and for an injunction restraining the appellant from any further proceedings under a judgment of restitution obtained against him before a Justice of the Peace. The allegations of the bill and the facts of the case are set forth in the opinion of this Court.

The cause was argued before BOWIE, C. J., BARTOL, GOLDSBOROUGH, COCHRAN and WEISEL, J.

*Bernard Carter* for the appellant.

1. This agreement having been a verbal one, and not in writing, is void as well in equity as at law under the provision of the Statute of Frauds. See 29 *Charles II.*, ch. 3, sec. 1. *Charlewood vs. Duke of Bedford*, 3 *Atkins*, 497. *Clinan vs. Cook*, 1 *Scholes & Lefroy*, 22. *Wills vs. Stradley*, 3 *Vesey, Jr.*, 378. *Clayton vs. Blake*, *Sm. Le. Ca.*, 180. *Frame vs. Dawson*, 14 *Vesey*, 386. *Brennan vs. Bolton*, 2 *Drury & Warren*, 349. *O'Reilly vs. Thompson*, 2

*Cox Rep.*, 271.    *Christy vs. Barnhardt*, 14 *Pa. Rep.*, 262.
2 *Scholes & Lefroy.    Geiger vs. Green*, 4 *Gill*, 472.

According to the case made by the bill, there was nothing done which amounts to what is termed a "part performance" of the contract.   See 1 *Story Eq.*, secs. 761, 762.
The appellee continued to pay the same rent as he had done under Williamson, and at most, therefore, he was a monthly tenant, or a yearly tenant, and his rights in that regard were definitely settled by the proceedings in the ejectment.

2. The bill of complaint does not allege that the appellee bound *himself* to *take* the premises at $200 a year for five years; it only alleges that the *appellant* bound *himself* to *give* a lease for this term at this rent.   The agreement being therefore not a mutual one and mutually binding, equity will not specifically enforce it.   *Geiger vs. Green*, 4 *Gill*, 472.

The terms of this agreement, as set out in the bill, are too meagre and indefinite to enable the appellee to ask for a specific performance.   1 *Story's Eq. Juris.*, 764.   The appellant submits, that the order of the Court below granting the injunction should be reversed and the bill dismissed with costs.

*John J. Snyder* for the appellee argued :

1st. That the bill discloses such a case as will eminently authorize a Court of Equity to grant the relief which he seeks by this proceeding.

It will not be denied that if the agreement relied upon in the present case being in parol, was unaccompanied by any act or acts of part performance, equity would not decree specific performance ; neither will it be denied that if the non performance on the part of the appellant would not operate a fraud upon the appellee, would a Court of Equity withhold its aid.   But how stands the case here?

The bill alleges in express terms part performance, and likewise establishes fraud and bad faith on the part of the appellant in seeking to disengage himself from the obligations of his contract with the appellee. This is not such a case as is referred to by appellant's solicitor, and reported in 3 *Vesey, Jr.*, 376, where the Lord Chancellor laid particular stress upon the fact that there was a continuance of the possession of the lessee under the lessor after the agreement was entered into, which took place before the expiration of his original term, and it could not therefore be determined whether the holding was under the old or prospective lease.

The case now under consideration is clearly distinguishable in this, that there is a change of proprietorship, a determination of the tenancy between Williamson and the appellee, a fresh and original possession under a new agreement, the tenant assuming the burden of the water rent, which was not imposed by the terms of the preceding tenancy. The Lord Chancellor in delivering the opinion in the above cited case, gives expression to this language : "the delivery of possession by a person having possession, to the person claiming under the agreement, is a strong and marked circumstance." Supposing, therefore, in that case, as in this, it had appeared that there was a change of ownership of the premises leased, the previous tenancy determined and rent paid under the new agreement, in view of the language held, is it to be doubted that the learned Chancellor would have hesitated in granting the relief by a decree for specific performance ? But this is not all. Valuable and important services were rendered which constituted an important consideration for the agreement, upon the general doctrine of the interference of Courts of Equity in cases of specific performance of contracts touching lands. See 2 *Story's Eq. Juris.*, sec. 759, 761, 763. The possession here and payment of rent were solely and

exclusively referable to the contract alleged in the complain-
ant's bill. In *Small vs. Owings*, 1 *Md. Chan. Dec.*, 369,
Chancellor Johnson holds this language : The ground on
which the Court proceeds in decreeing the specific perform-
ance of a parol agreement in relation to lands is, "that in
the case of a clear part performance of such an agreement
by one party, it would be a fraud on the other to refuse to
perform the agreement on his part; it would be perverting
the statute from a shield against, into an instrument of
fraud;" and in support of this doctrine he refers to *Ham-
ilton vs. Jones*, 3 *G. & J.*, 127. *Maryland Savings Bank
vs. Schroeder*, 8 *G. & J.*, 93. *Moale vs. Buchanan*, 11 *G.
& J.*, 314.

2nd. The mutality of the contract will scarcely be suc-
cessfully disputed in the face of the averments in the bill,
the payment and acceptance of rent, the rate of rent and
times of payment, and that the appellee entered into posses-
sion upon the new agreement.

3rd. That the proceedings in ejectment have no effect
whatever upon the equitable rights and pretensions of
the appellee. The only inquiry in the present proceeding
being, has he, by his bill, presented such a case as will
justify a Court of Equity in granting relief?

4th. That it would be inequitable and unconscionable to
permit a party to an agreement to induce another to do
acts and perform services which will work a change in his
situation and to his detriment, in the belief and expecta-
tion that by so doing greater advantages will be secured,
as in this case, where it was designed and agreed that his
tenancy should be made more permanent and secured
against an abrupt or capricious determination. The statute
relied upon by the appellant was designed to prevent
frauds, and it could never be the intention, therefore, of the
statute to enable or facilitate the practice of such a fraud
with impunity.

5th. The subject of the contract, viz : the premises, are located and fixed ; the rent is certain and the times of payment defined ; the period of the lease established, and its commencement ascertained. The bill is, therefore, not obnoxious to the charge of meagreness, but is stated with such fullness and clearness as to authorize its specific performance with justice and fairness to the parties.

BARTOL, J., delivered the opinion of this Court.

This appeal is from an order of the Circuit Court of Baltimore city granting an injunction, and brings before us only the bill of complaint. This alleges that the appellee was, at the time of filing it, in the occupation of certain premises on Pennsylvania Avenue in Baltimore city, which he had so occupied for a number of years, and which he had originally rented of one Williamson, the then owner thereof, at a yearly rent of $200, payable monthly. That the appellant purchased said premises from Williamson, promising the appellee that he should be his permanent tenant of the same.

That after the purchase the appellant entered into an agreement with the appellee, by which he bound himself to give the appellee a lease for five years at a rent of $200 a year, payable monthly, exclusive of water rent, and that in a few months after the purchase, the appellant gave the appellee notice to quit, and thereupon instituted proceedings before a Justice of the Peace and in a Court of Law, which resulted in a judgment awarding to the appellant as landlord the possession of the premises, because said agreement for a five years' lease was void at law, where the relationship was treated as a tenancy at will, or from year to year.

The bill then charges that in equity the appellee is entitled to a decree for a specific performance of this agreement for a lease for five years, and to an injunction

restraining the appellant from any further proceedings under his judgment of restitution.

The agreement for a lease alleged in the bill, and on which the relief is prayed, is an agreement within the Statute of Frauds, and can only be evidenced in writing, unless there has been something done under it amounting to a *part performance* so as to take it out of the operation of the statute.

In the case of *Spear vs. Orendorf,* decided at the present term, this Court had occasion to consider this subject, and to declare what will constitute a part performance of a parol contract so as to take it out of the statute? The principles there stated are conclusive of this case. Here, according to the allegations of the bill, there were no acts done which under the well settled rules of law can be construed as a part performance of the alleged agreement.

The appellee as tenant, continued in possession after the purchase by appellant. "This is a mere continuance of the character which he all along filled, and any act which may be thus referred to a title distinct from the agreement cannot be considered as operating to take the case out of the statute." *Brennan vs. Bolton,* 2 *Drury & Warren,* 354.

"In order to make the acts such as a Court of Equity will deem part performance of an agreement within the statute, it is essential that they should clearly appear to be done solely with a view to the agreement being performed." "For if they are acts which might have been done with other views, they will not take the case out of the statute, since they cannot properly be said to be done by way of part performance of the agreement." 2 *Story's Eq. Jur.,* sec. 762. See, also, *Wills vs. Stradling,* 3 *Ves.,* 381. *Frame vs. Dawson,* 14 *Ves.,* 386.

Considering that this bill does not present a case entitling

the appellee to relief, the order of the Circuit Court must be reversed, and the bill dismissed with costs.

*Order reversed and bill dismissed.*