## SUPERIOR COURT OF BALTIMORE CITY.

Filed November 14, 1913.

### LOUIS BUCKNER
### VS.
### HARRY L. CAPLAN.

*Louis Hollander* for plaintiff.
*Julius H. Wyman* for defendant.

DUFFY, J.—

The Bill of Complaint calls for the performance of a verbal contract for the sale of land.

According to the averments of the Bill the terms of the contract were that Buckner agreed to sell to Caplan No. 914 Watson street, subject to a ground rent of $40, for $1,600—$600 cash and balance on mortgage. It was to be consummated about August 1, 1912. This agreement was subsequently modified because it was discovered that the property was subject to mortgages, release of which could not then be procured. It was therefore agreed that Caplan should enter into possession, assume payment of expenses on property and interest, the purchase money not to be paid until Buckner was prepared to deliver a clear title.

According to the averments of the answer, the parties agreed upon a sale of No. 914 Watson street in fee for $1,600—part cash and balance on mortgage. That Caplan entered into possession under an agreement to pay accrued expenses (not interest) until the termination of some litigation, and upon such termination the parties were to make an agreement with reference to said property.

It will be noted that the pleadings do not disclose a stipulation to the effect that Buckner was to have the old material in the building on the premises.

In the testimony there is no conflict between the parties as to the premises, or the amount of purchase money or that the title was to be free from encumbrances. Buckner testified that the property was subject to a ground rent of $40, and that Caplan was so informed, and that although there was some talk of his getting the old material, this was not a term of the contract. (Record 40.) Caplan testified that Buckner said nothing about a ground rent, and that he thought the property was in fee, and further that it was agreed that Buckner was to get the old material in addition to the purchase money. (Record pp. 104, 105.) This last provision was an important one, and yet though required to answer fully by the rules of practice, no mention of this stipulation was made in defendant's answer.

The Bill avers that Buckner reduced the contract to writing and delivered the duplicate to Caplan to be signed. The answer denies this (par. 5), and avers that defendant has never seen any agreement. Caplan testified that

duplicates were not delivered to him by Buckner, but he admitted that his bookkeeper told him that Buckner had left them at his store for him, and he further stated that he did not look at them, and told the bookkeeper to destroy them (Record pp. 141, 142.) That he failed to reach this contract after receiving information from the bookkeeper that it had been left in his office for him, seems improbable, as this was a transaction of importance to him, involving an outlay of $1,600. A prudent business man on learning that the other contracting party had reduced the verbal contract to writing and had left it at his place of business for him to examine or sign, would certainly have read the paper.

These parties met by appointment in Mr. Levinson's office June 30, 1913, at 1 P. M., to consummate the sale. The papers had been prepared. One mortgage on the property had been released and arrangement had been made by Buckner to have the other released at the time of transfer. The attorney for the mortgagee, Mr. Stein, was to be telephoned for as soon as everything was ready. While the adjustment of expenses was being calculated, Caplan on hearing something said about ground rent, said that he had agreed to buy in fee, and thereupon repudiated the contract.

Caplan has had some experience with real estate in Baltimore City, so that he is familiar with the ground rent system. He owns No. 915 W. Baltimore street, in fee, also 912 Watson street, subject to a $40 ground rent, and he negotiated for the purchase of No. 916 Watson street, subject to a ground rent of $40, and he owns other property.

He does not claim that Buckner told him the property was in fee, but he says that Buckner said nothing about a ground rent on the property in any of the negotiations. It is difficult to believe, that, knowing what he did about 912 and 916 Watson street, he did not ask Buckner if there was a ground rent on No. 914—that is, if he is correct in saying that the ground rent was not mentioned by Buckner. It is also improbable that Buckner, who is a property owner, would undertake to sell a lot in fee, and give a title reference to the purchaser's lawyer, when he must have known that the property was subject to an irredeemable ground rent, and that this would be disclosed by following up such title reference.

Caplan paid to Buckner $200, by two checks, May 28 and 31, 1913. Buckner testifies that he gave receipts for this money stating that it was received on account of purchase money (Record, p. 18). This statement was not denied by Caplan, and the receipts were not produced by him.

The fact that he failed to produce the duplicate contracts or the receipts for the $200 paid, and the fact that he failed to make inquiry about the ground rent on the property, if it is true that Buckner did not mention it, weaken the force of his testimony.

This property was first rented by Caplan from month to month in February, 1912, and vacated in April of the same year (Record, pp. 99-100). This agreement to purchase was made in June, 1912, and occupancy by Caplan, pursuant to this agreement, began August 4 or 5 of the same year (Record, pp. 121-123), and continued until a few days after he had repudiated the contract. Two Hundred Dollars was paid by Caplan to Buckner, and I am satisfied from the evidence that this was a part payment of purchase money (Record, 18, 47, 110, 148).

I, therefore, conclude from the testimony that the terms of the verbal contract between the parties were as follows:

That No. 914 Watson street was to be transferred subject to a ground rent of $40, for $600 cash, and a purchase money mortgage of $1,000, and that the property was to be free from encumbrances. That Caplan should enter into possession, and pay the current expenses on the property, and interest on the purchase money, until Buckner could free the property from the two mortgages, when the transaction should be consummated.

A decree will be signed for the enforcement of the contract.

For authorities see

93 Md. 219, Hamilton vs. Thirston.

26 Md. 37, Spear vs. Orendorf.

26 Md. 75, Rosenthal vs. Freeburger.

38 Md. 326, Semmes vs. Worthington.

41 Md. 559, Reese vs. Reese.

19 W. Va. 172, Middleton vs. Selby.