## CONRAD RUHL, JR., ET AL. *vs.* HENRY W. WAGNER ET AL.

*Partition—Division and Election—Averments of Bill—Testacy or Intestacy—Interest of Complainants—Sufficiency of Answer—Preliminary Determination of Legal Question—Equity Rules.*

The right of division and election, under Code, art. 46, sec. 32 *et seq.,* exists only in cases of intestacy.                    p. 599

That a bill for a sale in lieu of partition asserted that the complainants held the property as "heirs at law" of a person named, did not show that they did so hold it, as in a case of intestacy, it being also alleged that they acquired it under such person's will, and it conclusively appearing that he disposed thereof in his last will, so that complainants must have taken it directly under his will or mediately or immediately from some devisee named in the will.                    pp. 600, 602

A bill for partition is defective if it fails to disclose that the complainants have any interest in the subject matter, they not being named in the will under which they claim, and it not appearing that they hold as heirs at law or purchasers from any one named in such will.                    pp. 600, 601

That, in an answer to a bill for partition, the defendants allege that the right of division and election under Code, art. 46, applies to the case, does not raise the objection that the bill fails to disclose that complainants have any interest in the subject matter.                    pp. 600, 601

Whether Code, art. 46, giving a right of division and election in cases of intestacy, applies to the facts stated in a bill for a sale in lieu of partition may, as a question of law, finally affecting the complainant's right to the relief sought by the bill, be disposed of, in the discretion of the court, under Code, art. 16, sec. 205, before any testimony is taken.                    p. 601

The General Equity Rules, Nos. 18, 20 and 23, do not in any way conflict with or affect the validity of Code, Art. 16, sec.

205, authorizing the court, when it appears that there is a question of law which it would be convenient to have decided before any evidence is given, to make an order accordingly.     p. 601

The defendants in their answer are entitled to set up as many defences as they deem applicable to the facts stated in the bill.

p. 601

The fact that one of the defences set up in the answer is bad in law or insufficient in substance is not a sufficient reason for holding that the whole answer is bad.     p. 601

The complainants, in a suit for partition, cannot demur or except to the entire answer by reason of the fact that it erroneously asserts that the right of division and election under Code, art. 46, applies to the case, if other and valid defences are asserted therein.     p. 602

In a suit for partition, where the answer asserts a right of division and election under Code, art. 46, and a decision to that effect would bar the complainants' right of relief, the question as to the applicability of that statute may be heard by the court, under Code, art. 16, sec. 205, in advance of the main case, and the action of complainants in asking such a hearing is not equivalent to a demurrer or an exception to the whole answer or even to any part thereof.     p. 602

*Decided December 4th, 1924.*

Appeal from the Circuit Court for Baltimore County, In Equity (HARLAN, J.).

Bill by Henry W. Wagner and Frances H. Elizabeth Wagner, his wife, against Conrad Ruhl, Jr., and Emma Ruhl, his wife, and Henry Ruhl, and Henrietta Ruhl, his wife. From a decree to the effect that Code, art. 46, giving a right of division and election, does not apply to the case, defendants appeal. Affirmed.

The cause was argued before PATTISON, ADKINS, OFFUTT, BOND, and PARKE, JJ.

*Walter C. Mylander,* with whom was *Charles F. Stein, Jr.,* on the brief, for the appellants.

*William H. Surratt,* with whom was *Paul R. Hassencamp* on the brief, for the appellees.

OFFUTT, J., delivered the opinion of the Court.

The appellees in this case filed in the Circuit Court for Baltimore County their bill of complaint against the appellants asking for the sale in lieu of partition of a tract of land on Eastern Avenue and Mace Avenue in that county.

It is alleged in the bill that the complainants are the "owners as tenants in common with the respondents" of that tract of land, and that they are seised and possessed thereof "as heirs at law of Conrad Ruhl, Sr., deceased, and acquired title thereto "under the terms of the last will and testament of said Conrad Ruhl, Sr.," which was filed with the bill as an exhibit and prayed to be taken as part thereof. It alleged that a number of parcels of the property had been leased to various tenants and that the property yielded an annual income of about $4,500, which had for a long time been collected by Henry Wagner, one of the complainants, but that Conrad Ruhl, Jr., had become dissatisfied with the collection of the rents by Wagner, and had announced that he intended to collect them himself, and that irreconcilable differences had arisen between the various owners as to the collection of rents. It then alleged that the property was not susceptible of partition in kind, without material loss and injury to the several owners thereof, and prayed that it might be sold and the proceeds divided among those entitled according to their respective interests, and as incidental to that relief that a receiver be appointed to collect the rents and profits from the property pending the litigation.

The exhibits filed with the bill as a part of it, show that the land was acquired by Conrad Ruhl, Sr., under a deed from Noble H. Creager, Trustee, December 5th, 1882, and that he, by his last will probated in the Orphans' Court of

Baltimore City in 1910, devised it to his wife Mary Ruhl for her life, and then to his children, Mary Wagner, Henry and Conrad Ruhl, "to be equally divided between them."

The defendants answered the bill and in their answer admitted the allegations thereof, except those relating to the collection of the rents, the indivisibility of the property, and the existence of irreconcilable differences among the owners, and as to those allegations they say:

> "That they deny the averments of matters and facts as alleged in each and every the 9th and 10th paragraphs of said bill of complaint, except, only the averments, that the complainant, Henry W. Wagner, has, for a long time past, been collecting the income from much of said property, which is admitted. Further answering the 9th paragraph of said bill of complaint, these defendants say, that there are no such irreconcilable differences existing between the parties to this cause, as to justify this Court, in appointing receivers *pendente lite,* and thereby subject the estate to be further depleted by the expense incident thereto. Further answering the 10th paragraph of said bill of complaint, these defendants most emphatically deny each and every averment of alleged matter and fact therein contained, and on the contrary, most emphatic- ally affirm, aver and allege that all the property belonging to the parties to this cause, in the bill of complaint mentioned, described or referred to is susceptible of partition in kind between the parties entitled, according to their respective interests and estates, without loss and injury to them. And they further aver and allege that the parties to this cause would suffer great and unnecessary loss by a sale of said property in order thereby to effectuate division of their interests."

They further set up by way of defense the pendency of a prior suit concerning the same subject matter between the same parties, and also allege that the complainants had orally agreed with the defendants to sell to them all their right, title and interest in the property for $25,000 and that, while

that agreement was never consummated, Henry Wagner had
been allowed to collect under it the income from the prop-
erty, and that he did collect thousands of dollars therefrom
for which he has never accounted, and that

> "by reason of the unconscionable action and conduct
> of the said complainant, resultant in the hindering,
> delaying and defrauding these defendants, in the en-
> forcement of their rights, thereby depriving these de-
> fendants of the usufruct of their property, the subject
> matter of this litigation, that said complainants are
> barred from seeking any relief through the medium of
> this or any other Court until such a time, hereafter, as
> he places these defendants, in *status quo,* the same, in
> all respects as though said oral agreement had not been
> entered into, and the same, in all respects, as though
> he, the said complainant, Henry W. Wagner, had faith-
> fully accounted for the income arising from said
> jointly held properties, under aforementioned deed of
> trust."

Finally they assert that the right of "division and elec-
tion" given in certain cases under article 46, C. P. G. L. of
Md., applies to the facts of this case, and that, the provisions
of that statute not having been complied with, the bill should
be dismissed.

The complainants then filed a petition asking the court
to hear and determine whether the right of division and elec-
tion, as provided by article 46, section 32 *et seq.,* C. P. G.
L. of Md., applied to the facts of this case. On that petition
the court set the question for a hearing and, on April 3rd,
1924, decreed that the right of division and election did not
apply to the facts of this case, and from that order this
appeal was taken.

Assuming that the question was properly before the court,
we fully concur in that conclusion. Under no circumstances
could the right of division and election provided by article
46, C. P. G. L. of Md., apply to the facts of this case, since
by its very terms its application is limited to cases of in-
testacy, and does not apply where the property is held by

purchase or under a will. *Johnson* v. *Hoover,* 75 Md. 489. And this is not a case of intestacy. It is true it is alleged in the bill that the complainants hold the property as "heirs at law" of Conrad Ruhl, Sr., but it is also alleged that they acquired it under the will of Conrad Ruhl, Sr., and manifestly they could not hold the land in both capacities, as heirs and devisees, and as it conclusively appears that Ruhl did dispose of it in his last will, the appellees could not have held it as his heirs at law, and must have taken it directly under the will or mediately or immediately from some devisee named in that will. Nor would that condition be affected by the fact, if it were a fact, that they took their interest as heirs at law of some devisee named in that will, because, while in such case we do not decide that the statute would not apply to such interest, we do decide that it would not apply to the whole property affected by the interest.

The appellants, however, suggest that the question as to whether the right of division and election exists in this case was never properly before the trial court, and that it had no power to consider it at all. They rest that contention, so far as we can learn from the record, either on the theory that the act of the appellees in asking the court to determine whether the right of election and division applied to the facts of this case was equivalent to challenging the sufficiency of the answer, and that therefore the lower court, instead of considering the only question presented for its consideration by the pleadings, should have considered the sufficiency of the bill of complaint, or upon the theory that this is a case of intestacy. Either proposition is in our opinion wholly without force or merit.

The bill of complaint is indeed defective, and if the question of its sufficiency were before us we would so hold, because it fails to disclose that the complainants have any interest in its subject matter, and the court cannot supply by conjecture and speculative inference facts which should have been alleged in it. The complainants are not named in the will under which they claim, and if they hold as heirs at law

of or purchasers from any one who is named in it, that fact does not appear.

But that question is not raised by any pleading in the case. The appellants in their answer alleged that the right of division and election applied to the facts stated in the bill of complaint. Whether it did or not apply was a question of law which finally affected the complainants' right to the relief sought by that bill. That question could be disposed of in the discretion of the court, under section 205, article 16 of the Code of P. G. L. of Md., before any testimony was taken, because if it appeared on the face of the proceedings that the complainants were not entitled to the relief prayed, there would have been no reason for subjecting the parties to the futile expense of taking testimony to determine that which the pleadings themselves decided.

Nor is there anything in the General Equity Rules in conflict with the provisions of that section. Rule 18 abolishes pleas in equity procedure, and requires that all defenses which might theretofore have been presented by pleas be made by demurrer, or answer. Rule 20 defines and prescribes the essential requirements of an answer and provides that "the answer may state as many defenses, in the alternative, regardless of consistency, as the defendant deems essential to his defense." Rule 23 abolishes exceptions to answers and requires that all questions which might theretofore have been presented by exceptions shall be made by demurrer to the answer. The defendants in their answer were entitled to set up as many defenses as they deemed applicable to the facts stated in the bill. And the fact that one of those defenses was bad in law or insufficient in substance, would not be a sufficient reason for holding that the whole answer was bad, if it presented other valid defenses, for it is a familiar rule, both in law and equity pleading, that a demurrer to an entire pleading will fail if, eliminating any part thereof which may be defective, sufficient remains to present a sufficient ground for relief, or defense, as the case may be. 1 *Poe, Pl. & Pr.,* par. 588; *Miller's Equity,* par. 134. And there-

fore the answer as a whole was not open to objection either by plea or demurrer, because, whether the right of division or election did or did not exist, there were other valid defenses asserted in it. The complainants therefore could not have either demurred or excepted to the entire answer, but inasmuch as it did raise a question of law, which if decided adversely to the complainants would bar their right to relief in this case, it fell within the scope of section 205, article 16, C. P. G. L. of Md., and the court was empowered in its discretion to hear that question in advance of the main case, and the act of complainants in asking the court to hear and determine that question of law was not equivalent to either a demurrer or an exception to the whole answer or even to any part thereof.

There is even less merit in the second proposition, that because it is charged in the bill that certain of the parties to the proceeding hold the property in question as "heirs at law" of Conrad Ruhl, Sr., that therefore this is a case of intestacy. For, as has been stated, it is also alleged that they hold under the will of the said Ruhl, a certified copy of which is filed with the bill. And since they could not hold in both capacities, and since the will itself affords conclusive evidence that the property was disposed of by will and did not descend to the heirs at law of Conrad Ruhl, Sr., to attach any significance to the obviously inadvertant use of the words "heirs at law" would be a mere verbal quibble.

Since therefore the question of the sufficiency of the bill has not been raised directly or by implication by any pleading either of the appellants or the appellees, we will not decide that question on this appeal and, as we are in agreement with the lower court in its disposition of the only question presented for its consideration, it follows that the decree appealed from will be affirmed.

*Decree affirmed, with costs.*