GEORGE SCHLUDERBERG et al. *v.* ISAAC J. DIETZ.
[No. 107, October Term, 1928.]

548

*Decided February 14th, 1929.*

The cause was argued before PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*John Holt Richardson,* for the appellant.

*W. LeRoy Orlel,* for the appellee.

PARKE, J., delivered the opinion of the Court.

The appeal in this case is from a decree for the specific performance of an agreement to lease a freehold property in Baltimore. Isaac J. Dietz filed the bill of complaint against George Schluderberg, Anna K. Lamp and Anna E. K. Tillinghast, the owners, and Margaret Schluderberg, the wife of George Schluderberg, and J. George Lamp and Samuel Tillinghast, the respective husbands of the other two owners. The undisputed testimony is that the land in question was improved by a three story building and had been leased by the owners to a certain Isadore Lippman for a term of five years ending in March, 1928; and that the plaintiff became, in the latter part of February, 1923, the sublessee of the first floor of the building, where he carried on a retail business in dry goods and notions. It is, also, uncontroverted that the sublessee, who had learned that the owners would not renew the term of the lease, began negotiations for the rental of the whole property, but he asserts, and the owners deny, an agreement to lease was made. The owners resist the specific performance of the alleged contract on the grounds that it was within the Statute of Frauds, since it was not in writing, and the subject matter of the contract was a lease for a term

of five years and there had been no part performance; second, that the party with whom the plaintiff agreed was not the agent of the owners; and, third, that the alleged agreement was too uncertain to be specifically enforced.

As pointed out in *Browne on the Statute of Frauds,* secs. 478-480, there is a difference to be noted between the continuing in possession, and the taking of it; and, so, a mere continued holding by a tenant, or the payment of additional rent, or improvements made upon the premises by the tenant, continuing in possession, are said to be of themselves of equivocal import, where a claim is set up of a positive agreement for a new lease, since every one of these circumstances, it is argued, may be naturally and properly referable to the old tenancy. However, in *Pomeroy on Specific Performance* (3rd Ed.), sec. 124, p. 316, the result of the modern decisions is thus stated: "It is, therefore, now settled, after some expressions of doubt, and with a few conflicting decisions, that possession by a tenant after the expiration of his former term, and payment by him of an increased rate of rent, are together a part performance of a verbal contract for a renewal of the lease." *Spear v. Orndorff,* 26 Md. 37, 44, 45; *Drury v. Conner,* 6 H. & J. 288. Compare *Rosenthal v. Frieburger,* 26 Md. 75; *Billingslea v. Ward,* 33 Md. 48, 54, 55; *Semmes v. Worthington,* 38 Md. 298, 318-327, 329, 330; *Wells v. Stradling,* 3 Ves. 378; *Nunn v. Fabian,* L. R. 1 Ch. 35; *Miller v. Sharp,* [1899] 1 Ch. 622.

Whatever significance is to be given to this distinction, there is, however, no occasion for its consideration on the facts of this record. In the present case, the continuance in possession by the plaintiff was not referable to his original tenancy, since that was a holding of a part of the premises under a sublease from the lessee of the owners, while his possession, after March 20th, 1928, was of the entire premises under the parol contract with the owners for a lease. So, the plaintiff's possession was under the oral contract of a different origin and subject matter than that of his original term, and was unquestionably attributable to the parol con-

550

tract. Not only is the possession enlarged from a part to the whole, but the plaintiff's rent is increased because he, under the contract, becomes entitled to the enjoyment of the whole property, and the defendants agree to furnish the building with a suitable equipment for heating. On March 20th, 1928, the plaintiff, pursuant to this agreement to lease, entered in possession of the entire property and regularly paid, and defendants accepted, the increased monthly installments of $185, until August 20th, 1928, when the defendants for the first time declined to receive the rent. In addition to having taken possession and having paid five installments of rent, the plaintiff and the defendants agreed during the period that the plaintiff would whitewash the sides of the storeroom and furnish the paint for the defendants to paint the ceiling, and this work was so done.

The taking of the possession of the whole property, tender and acceptance of the rent and, with the privity of the owners, the painting and whitewashing of the storeroom, were all acts "unequivocally referring to, and resulting from, the agreement." *Frame v. Dawson*, 14 Ves. 386; *Hamilton v. Thirston*, 93 Md. 213, 219; *Soho v. Wimbrough*, 145 Md. 498, 512. The parties are clearly in a different position from that which, according to their legal rights, they would be in, if there were no new lease. The delivery of the possession of the entire property, and the payment of rent therefor, show that some contract had been made between the owners and the party in possession; and these conditions are admissible as acts of part performance taking the case out of the Statute of Frauds. *Browne on Statute of Frauds*, secs. 455, 458, 465, 466, 467, 478-480; *Drury v. Conner*, 6 H. & J. 288; *Spear v. Orndorff*, 26 Md. 37, 43-45; *King v. Kaiser*, 126 Md. 213, 219; *Read Drug & Chem. Co. v. Nattans*, 129 Md. 67, 72; *Hall v. Trustees of Sharp Street Station*, 155 Md. 654; *Pomeroy's Specific Performance* (3rd Ed.), secs. 124, 142a, 508; *Fry on Specific Performance* (6th Ed.), secs. 601, 602, 610, 612, 617; *Pain v. Coombs*, 1 DeG. & J. 34; *Hodson v. Henland*, [1896] 2 Ch. 428; *Bliss v. Hygate*, [1918] 2 K. B.

314; *Nunn v. Fabian,* L. R. 1 Ch. 35; *Miller & Aldunth v. Sharp,* [1899] Ch. 622.

The proof was, therefore, of such a nature as to establish a new contract of leasing had been made and partly performed by the lessors and lessee, so that it would be a fraud upon the lessee to permit the lessors to deny its existence, and, consequently, parol testimony is admissible to prove the agreement. *Supra.*

After considering and weighing the testimony, the court finds that the contract established contains all the material terms, and that these have the necessary qualities of clearness and definiteness, so that the contract proven meets the requirement of that degree of reasonable certainty without which specific performance will not be decreed. The court will not make a statement and analysis of the evidence to vindicate its conclusion, which is that of the chancellor before whom the testimony was taken.

It is clearly and definitely established by the record that, before the expiration of the current term of the lessee, the plaintiff agreed to rent, and through their duly authorized agent, J. George Lamp, the defendants to lease, the whole premises known as Nos. 3604-3606 Eastern Avenue, for the term of five years beginning on the 20th day of March, 1928, at the yearly rental of $2,220, payable in advance in equal monthly installments, with the lessors promising to install a suitable heating plant. The parties, the property, the term, and the rental are known and specified, so all the requisites of a valid lease are contained within this agreement, except that it is not in writing, which is a defect cured by part performance. *Supra.* Code, art. 21, sec. 67; *Tiffany on Landlord and Tenant,* sec. 26; *Read Drug & Chem. Co. v. Nattans,* 129 Md. 67, 71-72.

It follows that the plaintiff was entitled to have the agreement to lease specifically enforced, and the decree below should be affirmed. *Jones v. Parker,* 163 Mass. 564; 1 *Pomeroy's Specific Performance,* sec. 23.

*Decree affirmed, with costs.*