SALVATORE SERIO *v.* ARTHUR VON NORDECK

[No. 49, October Term, 1947.]

*Decided December 11, 1947.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*James O. Scrimger* for the appellants.

*Robert E. Coughlin, Jr.,* with whom was *John W. Prinz* on the brief, for the appellee.

MARKELL, J., delivered the opinion of the Court.

This is an appeal from an order overruling a demurrer to a bill for specific performance of an oral contract to sell (or, technically, lease) real property to plaintiff. The principal question is whether part performance takes the case out of the Statute of Frauds. We do not wish to enlarge the judicially established exceptions to the statute. The allegations of the bill are not altogether clear and full. Nevertheless, we think they are sufficient, as we understand them, to take the case out of the statute. If the proof falls short of the allegations, as understood by us, the lower court will act accordingly.

The bill alleges in substance that: Plaintiff has been in possession of the property No. 1315 Poplar Grove Street [at the argument said to be a tavern] "by virtue of a lease from defendants, from month to month since 1939." [The rental and other terms of the lease are not stated.] Defendants, husband and wife, own the property in fee. On January 7, 1946 "defendants verbally agreed to sell and convey" to plaintiff the property for $20,500, "subject to a ground rent of $90 per year, for 99 years, renewable forever." On January 7, 1946 plaintiff gave his check for $5,000, dated January 8, 1946, to the order of defendant husband, in part payment of

the purchase price, the check was accepted by the husband in the presence of his wife, on behalf of both, in part payment, and "was cashed by defendants" after being endorsed by both. On January 10, 1946 plaintiff, relying on the agreement to buy the property, contracted for "painting, plumbing, cementing, and repairing the roof and the door" for $417; the work has been done by the contractor and paid for by plaintiff. Relying on the agreement to buy, plaintiff also "made arrangements to finance the payments of the property," had an oil burner installed at a cost of $85, and "gave a contract for renovating the entire front of the building, including the door," to cost $1,500. After defendants refused to comply with the agreement to sell, only a part of the renovating work was done. Plaintiff has performed all the requirements of the agreement on his part, is ready, able and willing to complete the purchase and has so advised defendants, but defendants have refused to convey. Specific performance and general relief are prayed.

Although only the ruling on demurrer to the bill is before us for review, the record shows that defendants filed a combined demurrer and answer. In the answer the husband "admits that he agreed with plaintiff as alleged" but says his agreement was conditioned upon acceptance by his wife and also contemplated part payment by a purchase money mortgage; the wife denies acquiescence in or affirmance of any agreement made by the husband for sale. The allegations of the bill we construe (with some doubt, in view of "arrangements to finance the payments") as averring a definite agreement to pay $20,500 in cash.

Defendants contend that the acts of part performance alleged in the bill, *viz.*, part payment, possession and repairs or improvements, do not so unequivocally refer to the alleged agreement of purchase as to take the case out of the statute. Payment of "a part, or even the whole, of the purchase money is not an act of part performance which will of itself take the parol contract out of the statute." *Boehm v. Boehm,* 182 Md. 254, 264, 34 A. 2d

447; *Gorsuch v. Kollock,* 139 Md. 462, 467, 115 A. 779; *Miller, Equity Procedure,* sec. 709. But payment of the purchase money by a life tenant to the remainderman, plus continued possession, may be equivalent to delivery of possession and may be sufficient to take a case out of the statute. *Drury v. Conner,* 6 Har. & J. 288, 292. Defendants say plaintiff's possession and his repairs or improvements refer not to the alleged agreement of purchase but to the continuing tenancy which had existed since 1939. *Semmes v. Worthington,* 38 Md. 298, 326, 327; *Boehm v. Boehm, supra,* 182 Md. at pages 265, 266, 34 A. 2d at page 452. "This court has cited with approval the language of Lord Hardwicke in the case of *Lacon v. Mertins,* 3 Atk. 4, in which he said that the acts relied on as part performance 'must be such an act done as appears to the court would not have been done unless on account of the agreement,' and has held in many cases that such acts must be clear and definite and refer exclusively to the alleged agreement. *Hamilton v. Thirston,* 93 Md. [213,] 219, 48 A. 709, and cases there cited." *Soho v. Wimbrough,* 145 Md. 498, 512, 125 A. 767, 772. Some of the cases above quoted or cited relate to oral contracts to dispose of property by will. In such cases the requirement as to part performance may perhaps be more exacting than in cases of ordinary contracts of sale. However, we think the allegations of the bill in the case at bar meet the requirements above stated.

We cannot assume that the rent paid under plaintiff's monthly tenancy was so exorbitant as to exclude risk of termination by defendants. On the supposition that the rent was not grossly (if at all) more than proportionate to a fee value of $22,000 (capitalizing a ground rent of $90 at six per cent), we think contracts for repairs or improvements to cost $2,000 would not be made by a monthly tenant but "were all acts 'unequivocally referring to, and resulting from, the agreement'." *Schluderberg v. Dietz,* 156 Md. 547, 550, 144 A. 774, 775; *cf. Read Drug & Chemical Co. v. Nattans,* 129 Md. 67, 98 A. 158.

Defendants also contend that the subject matter of the contract, *viz.*, a leasehold estate in the property, is nonexistent and a court of equity "will not decree specific performance of an agreement to convey property which has no existence." *Ward v. Newbold,* 115 Md. 689, 694, 81 A. 793, 795, Ann. Cas. 1913A, 919. In substance and in form, this contention is without merit. In substance, speaking colloquially, it is no more difficult to enforce a contract to "sell," subject to a ground rent, than a contract to sell, subject to a purchase money mortgage. In form, speaking technically, it is no more difficult to enforce a contract to lease than a contract to sell. *Schluderberg v. Dietz, supra; Read Drug & Chemical Co. v. Nattans, supra.* Whether the consideration for the lease consists of rent only or of rent plus a lump sum "purchase price" makes no difference.

*Ward v. Newbold, supra,* does not support defendants' contention. In that case the vendors agreed to sell land and execute a deed to the vendee, to be held in escrow; the vendee agreed to pay the purchase price by (*a*) building houses (of unspecified size and plan) on the land, (*b*) "creating ground rents" (*i. e.*, leases for an unspecified term from the vendee to unascertained lessees) on the properties and (*c*) conveying the ground rents to the vendors. The contract was held not to be specifically enforceable because the term of the leases was unspecified; an additional reason mentioned was the fact that in the circumstances mentioned the contract involved the future creation of rents. Whatever the exact scope of the decision, it is not now in point.

Plaintiff complains that defendants, having answered, cannot appeal from the ruling on demurrer. It is settled that under General Equity Rule 20 a demurrer and answer can be contained in the same paper (*Hendler Creamery Co. v. Lillich,* 152 Md. 190, 192, 136 A. 631, 60 A. L. R. 207) ; and under Art. 16, sec. 226 of the Code the questions of law presented by the demurrer may, if it appears convenient to do so, be heard in advance of hearing on the facts, and the ruling on demurrer is appealable.

394

*Ruhl v. Wagner,* 146 Md. 595, 601, 602, 127 A. 495; *Llewellyn v. Queen City Dairy,* 187 Md. 49, 48 A. 2d 322, 324.

*Order affirmed, with costs.*